Prob 12C
(Rev. 3/95 D/HI)

**ORIGINAL**

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 2 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

U.S.A. vs. JEFFREY DECASTRO, JR.                   Docket No. CR 04-00344HG-01

### SECOND SUPPLEMENTAL REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervision)

COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Jeffrey Decastro, Jr., who was placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge, sitting in the Court at Honolulu, Hawaii, on the 24th day of March 2005, who fixed the period of supervised release at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2) That the defendant provide the Probation Office access to any requested financial information.

3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4) That the defendant is prohibited from the possession and use of alcohol.

5) That the defendant obtains his GED.

6) That the defendant shall maintain full-time employment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervision

That the petition for Request for Course of Action filed on 10/13/2005 be amended to include the following additional charge:

5. That on or about 12/24/2005, the subject was terminated from the Salvation Army Adult Rehabilitation Center based upon his violation of program rules, in violation of Special Condition No. 1.

Prob 12C
(Rev. 3/95 D/HI)

2

Based on the above, the U.S. Probation Officer recommends that a Warrant be issued and that the subject be brought before the Court to show cause why supervised release should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X]   The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ]   Other

> I declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on  1/10/2006

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervised release should not be revoked.

Considered and ordered this 10th day of January, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII
'06 JAN 11 P3:45

Re:     **DECASTRO, JR., Jeffrey**
        **Criminal No. CR 04-00344HG-01**
        **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 11/9/2005, the subject appeared for a hearing on An Order to Show Cause Why Supervised Release Should Not Be Revoked. At this hearing, the subject admitted to all the charged violations. However, based upon the subject's acceptance into the Salvation Army Adult Rehabilitation Center (ARC) six-month residential drug treatment program, the Court allowed the subject to be released to the ARC program and furthered the revocation hearing to 3/6/2006.

This report concerns the following violation:

**Violation No. 5 - Termination from the Salvation Army ARC program:** At the direction of the Court, on 11/9/2005, the subject entered into drug treatment at the Salvation Army ARC. The ARC program is a residential drug treatment program of approximately 6 months in duration.

On 12/24/2005 and 12/26/2005, the subject informed this officer by leaving voice messages on this officer's work and cellular telephones that he was involved in a fight at the ARC program and was terminated from treatment. The subject requested permission to gain entry into the First Life After Prison transitional program in lieu of the Salvation Army ARC program.

On 12/27/2005, after retrieving the message left by the subject on this officer's work phone, this officer immediately called the ARC program. A representative from the ARC program reported that on 12/24/2005, the subject was discharged from its program. The representative explained that on 12/24/2005, while having Christmas dinner, the subject was involved in an argument with a program resident over a candy cane. The subject reacted by punching the resident. Based upon the subject's actions, he was terminated from the program that same evening. According to the representative, the subject will not be allowed to return to its program.

Between 12/27/2005 and 1/4/2006, due to a lack of any updated phone number, the Probation Office was unable to contact the subject.

On 1/4/2006, the subject telephonically contacted this officer. Upon being questioned about the altercation at the ARC program on 12/24/2005, the subject explained that he was having dinner when another resident "called me out." He stated that the resident called him a "faggot" and challenged him to fight. According to the subject, he responded by slapping the resident across the face. The subject reported that as a result of his actions, he was terminated from the program that same evening.

Re: **DECASTRO, JR., Jeffrey**
**Criminal No. CR 04-00344HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

The subject explained that he made numerous attempts to call this officer but was informed that this officer was on vacation until 1/4/2006. As a result, he was unable to contact this office until 1/4/2006. The subject indicated that he was aware that he was supposed to complete treatment at the ARC program and knew that his termination from the program was a violation of his supervised release. The subject requested that he be given a chance to enter into another residential drug treatment program.

**Conclusion:** On 11/9/2005, the subject appeared for a hearing on An Order to Show Cause Why Supervised Release Should Not Be Revoked. At this hearing, the subject admitted to refusing to report for drug testing on two occasions and to using illegal substances on two occasions. However, based upon the subject's acceptance into the Salvation Army ARC six-month residential drug treatment program, the Court allowed the subject to be released to the ARC program and continued the revocation hearing to 3/6/2006.

The subject entered residential treatment at the ARC program on 11/9/2005. Rather than take advantage of this opportunity, the subject was terminated from the ARC program based upon his assault of a fellow resident. The subject's recent conduct indicates he has ignored the rehabilitation opportunity provided by the Court and does not recognize the seriousness of being placed on supervised release. Additionally, his substantial substance abuse history coupled with his termination from residential drug

Re: **DECASTRO, JR., Jeffrey**
**Criminal No. CR 04-00344HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

treatment for engaging in assaultive behavior indicates that he poses a danger to the community. As a result, it is recommended that the Court issue a no-bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

MTN/ct

Re:  DECASTRO, JR., Jeffrey
     Criminal No. CR 04-00344HG-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.