PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 5 2007

at __ o'clock and __ min __
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  JEFFREY DECASTRO, JR.          Case No:  CR 04-00344HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence:  3/24/2005

Original Offense:   <u>Count 1 of the Information</u>:  Unlawfully Entering a Motor Vehicle With Intent to Commit a Crime, in violation of Hawaii Revised Statutes § 708-836.5 and 18 U.S.C. §§ 13 and 2, a Class D felony

Original Sentence:  One-hundred five (105) days imprisonment to be followed by a three (3) year term of supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; 4) That the defendant is prohibited from the possession and use of alcohol; 5) That the defendant obtains his GED; and 6) That the defendant shall maintain full-time employment.

Revocation
Sentence:           On 2/1/2006, the Court revoked supervised release based upon the subject's refusal to report for drug testing on two occasions, his use of marijuana and cocaine and his failure to complete drug treatment.  The subject was sentenced to 10 months imprisonment to be followed by 26 months of supervised release with he following special conditions:  1) That the defendant participate in substance abuse treatment which includes drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from the possession and use of alcohol and shall be subject to up to 8 alcohol breath tests per month; 3) That the defendant obtain his GED; 4) That the defendant shall maintain full-time employment; 5) That upon release from imprisonment, the defendant may be required to reside in a half-way house or

    transitional living home, at the discretion and direction of the Probation Office; 6) That if the defendant fails to comply with substance abuse testing and/or treatment, the defendant shall be brought before the Court on an Order to Show Cause Why Supervised Release Should Not be Revoked; and 7) That the defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  11/9/2006

## PETITIONING THE COURT

[✓] To modify the conditions of supervision as follows:

 8) *That the defendant serve 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1.  General Condition | On 3/5/2007, the subject submitted a urine specimen which contained cocaine. |

  On 3/19/2007, this officer sent a memorandum to Your Honor providing the following information:

  On 10/8/2004, the subject pled guilty to Unauthorized Entry Into a Motor Vehicle. On 3/24/2005, the subject was sentenced to 105 days imprisonment to be followed by a term of 3 years supervised release. The subject began his initial term of supervised release on 4/19/2005 in Hilo, Hawaii.

  On 2/1/2006, the subject's term of supervision was revoked based upon the subject's refusal to report for drug testing on two occasions, his use of marijuana and cocaine, and his failure to complete drug treatment. The subject was sentenced to 10 months imprisonment to be followed by 26 months of supervised release. As a special condition of supervision, Your Honor ordered the following:  That if the

Prob 12B
(7/93)

3

defendant fails to comply with substance abuse testing and/or treatment, the defendant shall be brought before the Court on an Order to Show Cause Why Supervised Release Should Not Be Revoked. The subject began his second term of supervised release on 11/9/2006.

Immediately following the commencement of supervision, the subject began substance abuse treatment and testing at Drug Addiction Services of Hawaii (DASH), Hilo. Between 11/9/2006 and 3/4/2007, the subject remained in compliance with drug testing and treatment. However, on 3/5/2007, the subject submitted a urine specimen which was presumptively positive for cocaine. On 3/13/2007, laboratory tests confirmed that the specimen was positive for cocaine. Upon questioning the subject, the subject reported that he had been experiencing relationship problems with his girlfriend. He explained that he made the mistake of using cocaine to try to temporarily escape his problems.

Since 3/5/2007, the subject has submitted drug free urine specimens. Additionally, in mid-February 2007, the subject obtained full-time employment working as a construction laborer with Ishii Contracting. The subject's foreperson reports that the subject has been a reliable hard-working employee who is a fast learner. According to the foreperson, Ishii Contracting is a growing business that intends to train and maintain the subject as a construction worker. Furthermore, the subject's substance abuse counselor at DASH reports that the subject is very excited about his employment and appears motivated to keep his job and do well. Finally, the subject is receiving mental health counseling from the Hilo Adult Mental Health Clinic.

In considering the subject's employment and improved attitude, this officer recommended that Your Honor not schedule a hearing on an Order to Show Cause Why Supervised Release Should Not be Revoked. Your Honor was informed that the subject's noncompliant behavior would be addressed by a combination of counseling and home confinement with electronic monitoring.

On 3/20/2007, Your Honor agreed with this officer's recommendation and instructed this officer to file a Probation Form 12B adding on 2 months of home confinement.

Prob 12B
(7/93)

4

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*[signature]*

MARK T. NUGENT
U.S. Probation Officer

Approved by:

*[signature]*

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 3/30/2007

---

THE COURT ORDERS:

[✓]  The Modification of Conditions as Noted Above
[ ]  Other

*[signature]*

HELEN GILLMOR
Chief U.S. District Judge

4-3-07
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ] To extend the term of supervision for years, for a total term of years.
[X] To modify the conditions of supervision as follows:

8   That the defendant serve 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _____
BRIAN HYATT
Drug Addiction Services of Hawaii Counselor

Signed: _____
JEFFREY DECASTRO, JR.
Supervised Releasee

3/29/07
Date